STATE, HENRY A. GREENE, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

The director at large of the board of chosen freeholders of Hudson county has no power to appoint standing committees, unless empowered by a rule adopted by the board of the then present year

This writ brings up the action of the director at large of the board of chosen freeholders of Hudson county in appointing standing committees, and the designation of certain members of the board, of whom the prosecutor is one, as members of said committees.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the prosecutor, *G. Collins* and *C. S. See.*

For the defendants, *A. L. McDermott* and *L. Abbett.*

The opinion of the court was delivered by

REED, J. The manner in which the legislative body known as the board of chosen freeholders of the county of Hudson is constituted, is set out with some degree of fullness in the preceding case. There exists a dead-lock between the director at large and the members of the board. The mem-

bers can take no successful action in opposition to the view of the director without a two-thirds vote, which is not obtainable.

The director at large is powerless, unless supported by a majority of votes of the members, which is also not obtainable.

In this posture of affairs, neither party yielding anything to the other, the director at large appointed a number of committees, such as had been appointed under the rules of previous boards. The duties of these committees, as defined by the standing rules of the board, are responsible, and their power, as committees, considerable. The prosecutor, as one of these appointees, wishes to test the validity of the appointment.

There is nothing in the legislation upon which the existence of this board of chosen freeholders rests, which in any way alludes to the existence of committees. They are appointed as part of ordinary legislative machinery to aid in the investigation of special subjects, and for attending to the details of particular branches of its supervision over municipal government.

Their appointment is controlled entirely by the board. By the rules of order adopted by previous boards, the appointment of committees was placed, as is usual in legislative bodies, in the hands of the presiding officer, the director at large.

These rules of order seem not to be like the standing orders of parliament, which endure from one session to another until vacated, but are sessional rules, expiring with the life of the board.

The rules adopted by the preceding board contain, in themselves, evidence of this, from the fact that the rules of order of the first or annual meeting of the board provide that the order of proceeding at such meeting shall be, *first*, calling to order by director and calling roll of members; *second*, election of a clerk for the ensuing year; *third*, rules of order to be adopted, (temporary or permanent.)

The adoption of these rules annually seems to have been

the practice of the boards, and I think it is clear that none existed to guide the action of any board until it had adopted them.

The present board, by reason of its unfortunate position, has not adopted any rules, and therefore the only authority which the director at large can invoke for his action in appointing these committees does not exist, and his act, in regard to such appointment, must be vacated.

Let all his appointments of committees be set aside.